UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**10-60232**   CASE NO. **CR-COHN**   MAGISTRATE JUDGE
SELTZER
15 U.S.C. § 1

UNITED STATES OF AMERICA

v.

ROMANO PISCIOTTI,

Defendant.

_____/

FILED BY _____ D.C.

2010 AUG 26  PM 2: 13

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. L.

## INDICTMENT

The Grand Jury charges that:

### DESCRIPTION OF THE OFFENSE

1.      ROMANO PISCIOTTI is hereby indicted and made a defendant on the charge contained in this Indictment.

2.      Beginning at least as early as 1999 and continuing until as late as May 2007, the exact dates being unknown to the Grand Jury, in Broward and Monroe Counties in the Southern District of Florida, and elsewhere, co-conspirators of the defendant,

ROMANO PISCIOTTI,

did enter into and engage in a combination and conspiracy to suppress and eliminate competition by rigging bids, fixing prices, and allocating market shares for sales of marine hose in the United States and elsewhere.  The combination and conspiracy was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

3

3. The defendant, ROMANO PISCIOTTI, joined and participated in the charged conspiracy from at least as early as 1999 until at least November 2006.

4. The charged combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the defendant, ROMANO PISCIOTTI, and co-conspirators, the substantial terms of which were to rig bids, fix prices and allocate market shares for sales of marine hose in the United States and elsewhere.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

5. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant, ROMANO PISCIOTTI, and co-conspirators did those things that they combined and conspired to do, including, among other things:

      (a) attended meetings and engaged in discussions in the United States and elsewhere by telephone, facsimile and electronic mail regarding the sale of marine hose;

      (b) agreed during those meetings and discussions to allocate shares of the marine hose market among the conspirators;

      (c) agreed during those meetings and discussions to a price list for marine hose in order to implement and monitor the conspiracy;

      (d) agreed during those meetings and discussions not to compete for one another's customers either by not submitting prices or bids to certain customers or by submitting intentionally high prices or bids to certain customers;

      (e) submitted bids in accordance with the agreements reached;

2

    (f)    provided information received from customers in the United States and elsewhere about upcoming marine hose jobs to a co-conspirator who was not an employee of any of the marine hose manufacturers, but served as the coordinator of the conspiracy and acted as a clearinghouse for information to be shared among the conspirators;

    (g)    received marine hose prices for customers in the United States and elsewhere from the co-conspirator coordinator of the conspiracy;

    (h)    sold marine hose to customers in the United States and elsewhere pursuant to those agreements at collusive and noncompetitive prices;

    (i)    accepted payment for marine hose sold in the United States and elsewhere at collusive and noncompetitive prices;

    (j)    authorized or consented to the participation of subordinate employees in the conspiracy; and/or

    (k)    concealed the conspiracy and conspiratorial contacts through various means, including code names and private email accounts and telephone numbers.

DEFENDANT AND CO-CONSPIRATORS

6.    From at least as early as 1999 until at least June 2006, the defendant, ROMANO PISCIOTTI, was an executive of marine hose manufacturer Parker ITR S.r.l. based in Veniano, Italy. From at least as early as June 2006 until at least November 2006, the defendant, ROMANO PISCIOTTI, was a consultant with the same manufacturer. During the period set forth in this Indictment, Parker ITR S.r.l. sold marine hose to customers in the United States and elsewhere.

3

7.      Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

## TRADE AND COMMERCE

8.      Marine hose is a flexible rubber hose used to transfer oil between tankers and storage facilities and/or buoys. During the period covered by this Indictment, the conspirator firms shipped marine hose in a continuous and uninterrupted flow of interstate and foreign commerce to companies located in states and countries outside the place of origin of the shipments. In addition, substantial quantities of related equipment, as well as payments for marine hose, traveled in interstate and foreign commerce. The victims of this conspiracy included companies involved in the off-shore extraction and/or transportation of petroleum products and the United States Department of Defense.

9.      During the period covered by this Indictment, the business activities of the defendant, ROMANO PISCIOTTI, and his co-conspirators in connection with the manufacture and/or sale of marine hose that are the subject of this Indictment were within the flow of, and substantially affected, interstate and foreign trade and commerce. During the conspiracy, the defendant, ROMANO PISCIOTTI, and co-conspirators sold hundreds of millions of dollars worth of marine hose and related products in the United States and elsewhere.

4

## JURISDICTION AND VENUE

10.     The combination and conspiracy charged in this Indictment was

carried out, in part, within the Southern District of Florida within the five years preceding the

return of this Indictment.

All in violation of Title 15, United States Code, Section 1.

A TRUE BILL

Christine A. Varney
Assistant Attorney General
Antitrust Division

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division

Marc Siegel
Director of Criminal Enforcement
Antitrust Division

Lisa M. Phelan
Chief
National Criminal Enforcement Section

Craig Y. Lee
Portia R. Brown
Attorneys, Antitrust Division
U.S. Department of Justice
National Criminal Enforcement Section
450 5th Street, NW
Suite 11300
U.S. Department of Justice
Washington, DC 20530
202-307-1044

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ROMANO PISCIOTTI,

Defendant.
_____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| ____ | Miami | ____ | Key West | |
| _X_ | FTL | ____ | WPB | ____ FTP |

New Defendant(s)              Yes _____   No ____
Number of New Defendants       _____
Total number of counts         _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:       (Yes or No)      YES
    List language and/or dialect      Italian _____

4.  This case will take    _5_    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

| | | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | | Petty | _____ |
| II | 6 to 10 days | _____ | | Minor | _____ |
| III | 11 to 20 days | _____ | | Misdem. | _____ |
| IV | 21 to 60 days | _____ | | Felony | _X_ |
| V | 61 days and over | | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)    NO
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?        (Yes or No)    NO
If yes:
Magistrate Case No. 
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No)        NO

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes   _X_ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes   _X_ No

_____
CRAIG Y. LEE
TRIAL ATTORNEY
Court I.D. No.: A5501111

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: ROMANO PISCIOTTI**

**Case No**: _____

Count #: 1

 Conspiracy to Suppress and Eliminate Competition by Rigging Bids and Fixing Prices on Contracts for Marine Hose Sold in the United States and Elsewhere in Unreasonable Restraint of Foreign and Interstate Trade and Commerce

  in violation 15 U.S.C. § 1

**\* Max.Penalty**: Ten (10) years' imprisonment; minimum two (2) years' but maximum three (3) years' supervised release; $1,000,000 fine

Count  #:

**\*Max. Penalty:**

Count  #:

**\*Max. Penalty:**

Counts  #:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.